# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### JACKSON DIVISION

**MR. CHARLEY'S FUN JUMPS, LLC**                                    **PLAINTIFF**

**v.**                                          **CAUSE NO. 3:12-cv-703-CWR-LRA**

**JRK RESIDENTIAL GROUP, INC., et al.**                            **DEFENDANTS**

## MEMORANDUM ORDER

The above-styled cause is before the Court on the plaintiff's motions for remand, and for leave to file an Amended Complaint. Docket Nos. 6, 8.[1] The motions have been fully briefed and are ripe for review. The motions are DENIED.

This case was originally filed in Mississippi state court on October 2, 2012. There, the plaintiff's Complaint alleged that its business telephone line had been overrun by more than 10,000 calls from the defendant's automatic dialing system between June 21, 2012 and July 31, 2012. Docket No. 1-1, at 4. According to the Complaint, these calls were made in violation of Mississippi law and the Telephone Consumer Protection Act, 47. U.S.C. § 227. *Id.* Among other relief, the plaintiff requested punitive damages under state law, and enhanced damages under the federal statute. *Id.*

The defendant, JRK Residential Group, Inc. ("JRK"), removed this case on October 15, 2012, alleging that this Court had both federal question jurisdiction under 28 U.S.C. § 1331, and diversity jurisdiction under 28 U.S.C. § 1332(a). Docket No. 1. Section 1331 grants jurisdiction to district courts "only if a federal question appears on the face of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (citation and quotation marks omitted). And section 1332(a) limits the diversity jurisdiction of district courts to civil

---

[1] The latter is an amended motion that was refiled due to scrivener error. *See* Docket No. 8. Therefore, the plaintiff's previously filed motion for leave to amend, Docket No. 5, will be terminated as moot.

actions where the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000," exclusive of interests and costs.

The plaintiff filed its motion for leave to amend the Complaint after this case was removed. Through that motion, the plaintiff sought to dismiss its claims under 47 U.S.C. § 227. The plaintiff has also filed a motion to remand this case to state court. The motion assumes that there will no longer be a federal question if the motion to amend is granted. In addition, the motion argues that there is no amount in controversy that exceeds the jurisdictional minimum for diversity jurisdiction. To support its contention that its claim falls below the jurisdictional threshold, the plaintiff has submitted an affidavit, sworn to by its owner, Charles C. Wallace, Jr., averring that it "does not seek [damages] in excess of $74,999.99, exclusive of interest and costs in this action." Docket No. 6-1.

JRK opposes both motions. It contends that the motion to amend is made for the bad-faith purpose of forum manipulation. In addition, it contends that the motion to remand is not well-taken because this case was properly removed to federal court. JRK argues that there is federal question jurisdiction because the Complaint alleges a claim arising under 47 U.S.C. § 227. It also argues that there is diversity jurisdiction because the parties are diverse and because the Complaint seeks an unspecified amount of punitive damages in excess of the jurisdictional minimum.

The Court first takes up the motion for leave to amend. Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." "In deciding whether to grant leave to amend, a district court considers such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party, and futility of amendment." *Bouie v. Equistar Chemicals LP*, 188 F. App'x 233, 238 (5th Cir. 2006) (citation omitted).

The Court finds that the plaintiff's motion is a bad faith attempt at forum manipulation. The plaintiff is the master of its complaint. It could have limited its claims to those provided under Mississippi law, but chose not to do so. Instead, the plaintiff's Complaint specifically invokes the relief provisions of the Telephone Consumer Protection Act for the purpose of demanding "all damages to which [the plaintiff] is entitled" under federal law, including enhanced damages. Docket No. 1-1, at 4-5. *But cf. Hearn v. Reynolds*, 876 F. Supp. 2d 798, 800 (S.D. Miss. 2012) (finding that the Court lacked federal question jurisdiction where the federal statute at issue did not confer a private cause of action and the plaintiff's mere allusion to the statute was "at most, a fleeting observation rather than an attempt to state a claim"). Surely it comes as no coincidence that the plaintiff is only seeking to dismiss the federal claims after the case has been removed to federal court.

The plaintiff's motion to remand urges that there will "no longer" be a basis for removal jurisdiction if it is allowed to dismiss the federal claims asserted in the Complaint. Docket No. 6, at 1. But that analysis is incorrect. The Court determines removal jurisdiction by looking to "the claims in the state court petition as they existed *at the time of removal.*" *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted) (emphasis added). At the time that this case was removed, the Complaint plainly stated a federal claim that was sufficient to confer removal jurisdiction. Granting the plaintiff leave to amend the Complaint at this stage would have no bearing on the question of whether this case was properly removed to federal court. Accordingly, the motion for leave to amend is also futile because the proposed amendment would not provide a sufficient basis for remanding this case.

If the plaintiff desires to voluntarily dismiss its federal claim at this stage, it must comply

Federal Rule of Civil Procedure 41(a)(2). If the claim is ultimately disposed-of, the Court may

then decide if it will retain supplemental jurisdiction over any remaining state law claims. *See,

e.g.*, *Franks v. East,* No. 1:07-cv-108, 2009 WL 1162778, at *1 (N.D. Miss. Apr. 28, 2009)

(noting that whether "supplemental state claims should be remanded is a question of judicial

discretion") (citation and quotation marks omitted).

The arguments concerning diversity jurisdiction would not change this outcome.

For these reasons, the plaintiff's motions for remand, and for leave to file an Amended

Complaint, are DENIED.

**SO ORDERED**, this 11th day of July, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE